IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALAN BACA and J. ALAN BACA,

    Plaintiffs,

vs.  Civ. No. 14-1051 KG/LF

REDDY ICE CORPORATION,
ALBUQUERQUE SAM'S CLUB #4938,
SAM'S WEST, INC., and WAL-MART STORES, INC.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon the following filed on August 28, 2015: (1) Defendant Reddy Ice Corporation's Motion for Summary Judgment (Motion for Summary Judgment), (2) Defendant Reddy Ice Corporation's Memorandum in Support of its Motion for Summary Judgment, and (3) Defendant Reddy Ice Corporation's Motion to Enforce and to Dismiss for Failure to Comply with this Court's Order Compelling Discovery (Motion to Enforce and Dismiss). (Docs. 52, 53, and 51). Plaintiffs did not respond to either the Motion for Summary Judgment or the Motion to Enforce and Dismiss. In addition to moving for summary judgment on Plaintiffs' claims, Defendant Reddy Ice Corporation (Reddy Ice) moves the Court in its Motion to Enforce and Dismiss for an order (1) dismissing Plaintiffs' claims against Reddy Ice because Plaintiffs failed to comply with the Magistrate Judge's orders compelling Plaintiffs to respond to Reddy Ice's requests for discovery, and (2) awarding Reddy Ice attorney's fees and costs incurred with respect to Plaintiffs' failure to provide discovery.

    On October 21, 2015, the Court held a telephonic hearing to ask Plaintiffs' counsel, August J. Rane, why he did not respond to Reddy Ice's Motions and why he failed to comply, in

a meaningful manner, with the Magistrate Judge orders compelling Plaintiffs to respond to Reddy Ice's requests for discovery. (Docs. 35 and 41). Present at the telephonic hearing were Mr. Rane; Brett Eaton, counsel for Reddy Ice; and Ryan Walters, counsel for Defendants Albuquerque Sam's Club # 4938, Sam's West, Inc., and Wal-Mart Stores, Inc.

Mr. Rane explained to the Court that he failed to respond to Reddy Ice's Motions and to provide meaningful discovery for two reasons. First, Mr. Rane cited health problems. Second, Mr. Rane contended that he sought help from other counsel who he expected to act in this case, but did not do so. Nonetheless, Mr. Rane admitted that it was his responsibility, ultimately, to represent Plaintiffs in this case. Mr. Rane further stated that he would have filed responses opposing Reddy Ice's Motions and that he was unaware that his so-called responses to discovery were, in fact, non-responsive. The Court notes that at no time did Mr. Rane seek an extension of time to respond to Reddy Ice's Motions nor did he seek a further extension of time to provide responsive discovery. The Court finds that Mr. Rane's actions and, particularly, his inaction in this case to be troubling and concerning. Mr. Rane's excuses for not filing responses and not responding to discovery requests as ordered by the Magistrate Judge are simply unacceptable. For those reasons and the reasons discussed below, the Court (1) grants the Motion for Summary Judgment and will dismiss Plaintiffs' claims against Reddy Ice with prejudice; and (2) grants the Motion to Enforce and Dismiss in that the Court grants Reddy Ice's request for an award of attorney's fees and costs resulting from Plaintiffs' failure to comply with the Magistrate Judge's orders compelling discovery.

I. *The Motion for Summary Judgment*

This is a personal injury lawsuit wherein Plaintiffs contend that Defendant Albuquerque Sam's Club #4938 (Sam's Club) included on its premises ice machines "upon a floor, and in an

area, that was unsuitable for such use as the floor was by its nature and design slick and a hidden hazard when wet and the area involved an attractive draw to the public." (Doc. 1-2) at ¶ 21. Plaintiffs further allege "[t]hat the floor would become wet with normal usage of the ice machines, placed for profit, was obvious, foreseeable and certain." *Id.* Plaintiffs claim that Plaintiff Alan Baca slipped on water from either the ice machines and/or bags of ice and injured his head. *Id.* at ¶¶ 15 and 18. Plaintiffs bring the following claims against Reddy Ice: premises liability, premises negligence, failure of design, failure to warn, reckless indifference, and loss of consortium.

Because Plaintiffs did not respond to the Motion for Summary Judgment, the Court accepts the following facts propounded by Reddy Ice to be uncontroverted. *See* D.N.M. LR-Cv 56.1(b) ("All material facts set forth in the Memorandum [in support of a motion for summary judgment] will be deemed undisputed unless specifically controverted."). Reddy Ice is a vendor independent of Sam's Club and has no control or ownership over the location of the ice machine or merchandiser. (Doc. 53) at 8, ¶¶ 2 and 5. Moreover, Reddy Ice does not have control or own the Sam's Club property. *Id.* at ¶ 4. The water which allegedly caused Plaintiff Alan Baca to fall came from a person who took ice from the ice merchandizer, dropped the bag of ice on the floor where Plaintiff Alan Baca subsequently fell, and then picked up the bag of ice. *Id.* at 12, depo. at 255.

Although generally, in New Mexico, individuals do not have a duty to protect others from harm, "owners, occupiers, or possessors of premises have responsibility only for hazards arising on or from their premises." *Ross v. City of Las Cruces*, 2010-NMCA-015, ¶ 20, 148 N.M. 81; *Stetz v. Skaggs Drug Centers, Inc.*, 1992-NMCA-104, ¶ 8, 114 N.M. 465. "In addition to [a] legal obligation, where a duty is based on a special relationship, the defendant must have the

'right or ability to control another's conduct.'" *Ross*, 2010-NMCA-015 at ¶ 20 (quoting *Estate of Eric S. Haar v. Ulwelling*, 2007-NMCA-013, ¶ 23, 141 N.M. 252).

In this case, it is undisputed that Reddy Ice did not own, occupy, or possess the Sam's Club premises. Moreover, because Reddy Ice had no right or ability to control what happened in Sam's Club, there is no special relationship between Reddy Ice and Plaintiff Alan Baca which creates some sort of duty by Reddy Ice to protect Plaintiff Alan Baca. Under these circumstances, Reddy Ice had no duty to protect Plaintiff Alan Baca from falling at Sam's Club. Consequently, as a matter of law, Plaintiffs' claims against Reddy Ice for premises liability, premises negligence, failure of design, failure to warn, and reckless indifference to the safety of Plaintiff Alan Baca are subject to summary judgment and dismissal with prejudice. Moreover, since the loss of consortium claim is derivative of Plaintiff Alan Baca's substantive claim of injury, dismissal of Plaintiff Alan Baca's substantive claim of injury necessarily subjects the loss of consortium claim to summary judgment as a matter of law and, therefore, dismissal with prejudice as well. *Fitzjerrell v. City of Gallup ex rel. Gallup Police Dept.*, 2003-NMCA-125, ¶ 12, 134 N.M. 492 ("Loss of consortium is thus derivative of other injuries and is not an injury in and of itself."). In sum, the Court grants the Motion for Summary Judgment on its merits.

II. *The Motion to Enforce and Dismiss*

Because the Court grants the Motion for Summary Judgment, Reddy Ice's motion to dismiss Plaintiffs' claims for failure to comply with discovery orders is moot. However, the Court agrees with Reddy Ice that Mr. Rane's unexcused failure to comply with the Magistrate Judge's discovery orders should be sanctioned by an award of attorney's fees and costs. *See* Fed. R. Civ. P. 37(b)(2)(C) (court must order payment of attorney's fees and costs for failing to obey discovery order "unless the failure was substantially justified or other circumstances make an

4

award of expenses unjust."). The Court will, therefore, order that Mr. Rane, not Plaintiffs, personally pay Reddy Ice its reasonable attorney's fees and costs incurred in as a result of Mr. Rane's failure to provide discovery as ordered by the Magistrate Judge.

IT IS ORDERED that

1. Defendant Reddy Ice Corporation's Motion for Summary Judgment (Doc. 52) is granted;

2. summary judgment will be entered in favor of Reddy Ice on Plaintiffs' claims;

3. Plaintiffs' claims against Reddy Ice will be dismissed with prejudice;

4. Reddy Ice's Motion to Enforce and to Dismiss for Failure to Comply with this Court's Order Compelling Discovery (Doc. 51) is granted in that Mr. Rane, not Plaintiffs, will personally pay Reddy Ice the reasonable attorney's fees and costs incurred in as a result of Mr. Rane's failure to provide discovery as ordered by the Magistrate Judge;

5. Reddy Ice will file by the end of business on October 30, 2015, affidavits and documentation in support of its request for an award of reasonable attorney's fees and costs; and

6. Mr. Rane may file a response to Reddy Ice's asserted reasonable attorney's fees and costs by the end of business on November 6, 2015.

_____
UNITED STATES DISTRICT JUDGE