IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALAN BACA and J. ALAN BACA,

     Plaintiffs,

vs.                                      Civ. No. 14-1051 KG/LF

ALBUQUERQUE SAM'S CLUB #4938,
SAM'S WEST, INC., and WAL-MART STORES, INC.,

     Defendants.

MEMORANDUM OPINION AND ORDER

     This matter comes before the Court upon Wal-Mart's Motion for Summary Judgment (Motion for Summary Judgment), filed October 20, 2015.[1]  (Doc. 59).  Plaintiffs did not respond to the Motion for Summary Judgment.  Having reviewed the Motion for Summary Judgment and the uncontested facts, the Court grants the Motion for Summary Judgment.

     Plaintiffs allege in this personal injury lawsuit that Plaintiff Alan Baca slipped on water and injured his head while he was visiting a Sam's Club owned by Wal-Mart.  Plaintiff Alan Baca brings the following claims against Wal-Mart:  negligence, premises liability/negligence, failure of design/failure to warn, and reckless indifference.  Plaintiff J. Alan Baca also brings a loss of consortium claim against Wal-Mart.

     Because Plaintiffs did not respond to the Motion for Summary Judgment, the Court accepts the following facts propounded by Wal-Mart to be uncontroverted.  *See* D.N.M. LR-Cv 56.1(b) ("All material facts set forth in the Memorandum [in support of a motion for summary judgment] will be deemed undisputed unless specifically controverted.").  A surveillance video

---

[1]The Sam's Club and Wal-Mart Defendants state that the correct Defendant is Wal-Mart Stores East, L.P.  The Court will refer to Defendants simply as "Wal-Mart."

shows that for about 53 minutes before Plaintiff Alan Baca fell, several people walked through the area of the store where Plaintiff Alan Baca fell without incident.  Ex. A.  Fifteen seconds before Plaintiff Alan Baca fell, a customer walked through the same area swinging what appears to be a drink cup.  Ex. A; (Doc. 59-2).  Plaintiff Alan Baca testified at his deposition that after he fell, he noticed water on the floor, but that it was in a different spot on the floor from where he slipped.  (Doc. 59-3) at 1, depo. at 26-27.  The water was a clear puddle about one inch to an inch and a half in diameter, and difficult to see.  *Id.* at 1-2; depo. at 27 and 29.  Plaintiff Alan Baca further testified that he did not notice any other water at that time, although his pants were wet after he fell.  *Id.* at 1, depo. at 27-28.  Plaintiff Alan Baca did not know how long the water had been on the floor.  *Id.* at 2; depo. at 29.

As Wal-Mart observes, premises liability encompasses Plaintiffs' separate claims for negligence and failure of design/failure to warn. To show premises liability in New Mexico, a plaintiff must prove that the premises owner "failed to exercise ordinary care by rendering safe an unreasonably dangerous condition on the premises…."  *Brooks v. K-Mart Corp.*, 1998-NMSC-028, ¶ 10, 125 N.M. 537.  One way for a plaintiff to establish premises liability is to prove that "the owner knew, or should reasonably have known, of the [dangerous] condition yet failed to rectify it."  *Caldwell v. Wal-Mart Stores, Inc.*, 2000 WL 1335564 *3 (10th Cir. 2000) (citing *Brooks*, 1998-NMSC-028, ¶ 10).  Although an "owner of a premises is charged with knowledge of conditions of which he would be aware upon reasonable inspection of the premises," the owner can only be liable for damages "if the condition has existed long enough to allow him sufficient opportunity to discover it."  *Id.* (citations omitted).  The allowable time to discover and to remove a dangerous condition or to warn of the dangerous condition depends on the circumstances of each case. *Gutierrez v. Albertsons, Inc.*, 1991-NMCA-135, ¶ 34, 113 N.M.

256.  Premises liability, however, cannot "be presumed from the fact that an injury occurred" or from "the mere presence of a slick or slippery spot on a floor…."  *Id.* at ¶ 16; *Williamson v. Piggly Wiggly Shop Rite Foods, Inc.*, 1969-NMCA-088, ¶ 3, 80 N.M. 591.  A premises owner "is not a guarantor of the safety of those who enter" upon the premises.  *Barrans v. Hogan*, 1956-NMSC-121, ¶ 14, 62 N.M. 79.

In this case, Plaintiffs have not come forward with evidence that Wal-Mart had knowledge, or reasonably should have known, of the small amount of clear water associated with Plaintiff Alan Baca's fall.  Moreover, under the uncontested facts established by Wal-Mart, a reasonable jury could not find that Wal-Mart had sufficient time, only a matter of seconds, to discover the water and either to remove the water or place a warning sign.  Indeed, Wal-Mart had only a matter of seconds between the time a patron in the area appeared with a drink cup to the moment Plaintiff fell on the floor.  Hence, a reasonable jury could not find that Wal-Mart "failed to exercise ordinary care by rendering safe an unreasonably dangerous condition on the premises."  Wal-Mart is, therefore, entitled to summary judgment on Plaintiffs' various negligence claims.

Next, the Court notes that Plaintiff Alan Baca's reckless indifference claim is really a claim for punitive damages.  *See* (Doc. 1-2) at ¶ 40 (complaint seeks punitive damages for reckless indifference by Defendants); UJI 13-1826, NMRA 1998 (punitive damages awarded for reckless indifference).  Because the Court will grant summary judgment on Plaintiff Alan Baca's negligence claims, the claim for punitive damages necessarily fails.  *See Encinias v. Whitener Law Firm, P.A.*, 2013-NMSC-045, ¶ 21, 310 P.3d 611 (punitive damages not available in negligence lawsuit if "no proof of actual damages").  Wal-Mart is, therefore, entitled to summary judgment on the reckless indifference claim.

Finally, since the loss of consortium claim is derivative of Plaintiff Alan Baca's substantive claim of injury, dismissal of Plaintiff Alan Baca's substantive claim of injury subjects the loss of consortium claim to summary judgment as well.  *Fitzjerrell v. City of Gallup ex rel. Gallup Police Dept.*, 2003-NMCA-125, ¶ 12, 134 N.M. 492 ("Loss of consortium is thus derivative of other injuries and is not an injury in and of itself.").  In sum, the Court grants the Motion for Summary Judgment on its merits.

IT IS ORDERED that

1. Wal-Mart's Motion for Summary Judgment (Doc. 59) is granted;

2. summary judgment will be entered in favor of Wal-Mart on Plaintiffs' claims; and

3. Plaintiffs' claims against Wal-Mart will be dismissed with prejudice;

UNITED STATES DISTRICT JUDGE