IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALAN BACA and J. ALAN BACA,

    Plaintiffs,

vs.                                                    Civ. No. 14-1051 KG/LF

ALBUQUERQUE SAM'S CLUB #4938,
SAM'S WEST, INC., and WAL-MART STORES, INC.,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Baca's Motion Pursuant to Rule 49 [sic] to Set Aside Judgment Entered in Favor of Wal*Mart [sic] (Motion to Set Aside Judgment), filed on December 23, 2015.  (Doc. 76).  Plaintiffs move to set aside the November 3, 2015, Final Entry of Summary Judgment granting summary judgment in favor of the Sam's Club and Wal-Mart Defendants (collectively, Wal-Mart).  Wal-Mart responded on January 6, 2016, in opposition to the Motion to Set Aside Judgment.  (Doc. 78).  Plaintiffs did not file a reply.  Having considered the Motion to Set Aside Judgment as well as the response, the Court denies the Motion to Set Aside Judgment.

Plaintiffs wish to set aside the Final Entry of Summary Judgment pursuant, presumably, to Fed. R. Civ. P. 59(e).[1]  A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment."  Rule 59(e).  Plaintiffs, however, filed their Motion to Set Aside Judgment more than 28 days after the entry of the Final Entry of Summary Judgment. Accordingly, the Court construes the Motion to Set Aside Judgment as a Fed. R. Civ. P. 60(b)

---

[1] The title of Plaintiffs' Motion to Set Aside Judgment refers to "Rule 49," but Fed. R. Civ. P. 49 does not involve setting aside judgments.  Rule 59(e), on the other hand, concerns motions to alter or amend judgments.

motion for relief from a final judgment. *See United States v. Jack*, ___ Fed. Appx. ___, 2015 WL 6685466, at *2 (10th Cir.) (untimely Rule 59(e) motions construed under Rule 60(b)).

Plaintiffs argue that manifest injustice will occur if the Court does not grant the Motion to Set Aside Judgment. Rule 60(b)(6), the catchall provision which permits relief from a final judgment for "any other reason that justifies relief," is the appropriate provision to apply in ruling on Plaintiffs' manifest injustice argument. Under Rule 60(b)(6), a movant seeking relief must "show extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005) (internal quotation marks omitted).

The Court entered summary judgment in favor of Wal-Mart, in part, because "a reasonable jury could not find that Wal-Mart 'failed to exercise ordinary care by rendering safe an unreasonably dangerous condition on the premises.'" (Doc. 70) at 3. The Court based this conclusion on its finding that "Plaintiffs have not come forward with evidence that Wal-Mart had knowledge, or reasonably should have known, of the small amount of clear water associated with Plaintiff Alan Baca's fall." *Id.* Plaintiffs now argue that the Court should set aside the summary judgment because the Court did not have before it video footage showing that Plaintiff Alan Baca suffered a "hard hit" when he slipped and fell at Sam's Club.[2]

The severity of Plaintiff Alan Baca's fall is not relevant to a premises liability analysis. The focus of the analysis rests, instead, on whether Wal-Mart had sufficient time to discover the water and to either remove the water or place a warning sign. Consequently, Plaintiffs' argument in support of setting aside the summary judgment in favor of Wal-Mart does not

---

[2] The Court notes that Plaintiffs are not arguing that the video footage was "newly discovered evidence that, with reasonable diligence, could not have been discovered…." Rule 60(b)(2). The Court further notes that it had before it other video footage showing Plaintiff Alan Baca's slip and fall.

constitute an extraordinary circumstance justifying the reopening of that summary judgment. The Court, therefore, denies Plaintiffs' Rule 60(b)(6) motion for relief from a final judgment.

IT IS ORDERED that Baca's Motion Pursuant to Rule 49 [sic] to Set Aside Judgment Entered in Favor of Wal*Mart [sic] (Doc. 76) is denied.

_____
UNITED STATES DISTRICT JUDGE